**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9403 PA (JCx) | Date | December 9, 2014 |
|---|---|---|---|
| Title | Mariano Torres Herrerra, et al. v. Bombardier Aerospace Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Bombardier Aerospace Corporation, Bombardier, Inc., Bombardier Corporation, and Learjet Inc. (erroneously named as Learjet Corporation) (collectively the "Bombardier Defendants") on December 5, 2014.  In their Notice of Removal, the Bombardier Defendants assert that this Court has jurisdiction over the action brought against it by plaintiffs Mariano Torres Herrerra and Lizzette Alvarez Vera (collectively "Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, the Bombardier Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).  The citizenship of an LLC is the citizenship of its members.  See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9403 PA (JCx) | Date | December 9, 2014 |
|---|---|---|---|
| Title | Mariano Torres Herrerra, et al. v. Bombardier Aerospace Corp., et al. | | |

Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

While 28 U.S.C. § 1332(a)(2) confers jurisdiction over suits between citizens of a State and foreign parties, as well as suits "between citizens of different states where aliens are additional parties," the Ninth Circuit has found that the presence of a foreign citizen on both sides of an action destroys diversity, and precludes the Court's exercise of subject matter jurisdiction over the dispute. Faysound Ltd. v. United Coconut Chem., Inc., 878 F.2d 290, 294-95 (9th Cir. 1989).

As an initial matter, the Notice of Removal alleges that defendant "Starwood Management, LLC is now, and at all times relevant to the subject matter of this action was, a Limited Liability Company organized in Nevada, with its principal place of business located in Carson City, Nevada." (Notice of Removal ¶ 12.)  The Bombardier Defendants have not alleged the citizenship of each of the members of Starwood Management, LLC.  Instead, the Bombardier Defendants have alleged the citizenship of the limited liability company defendant as if it were a corporation.  As a result, the Bombardier Defendants' have not sufficiently alleged the citizenship of Starwood Management, LLC.  As a result, Bombardier Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.  See Kanter v. Warner-Lambert Co., 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  The Bombardier Defendants have therefore failed to properly invoke this Court's diversity jurisdiction.

The Notice of Removal also alleges that the "Bombardier Defendants are informed and believe, and upon such information and belief allege that Plaintiffs each are citizens and residents of Mexico." (Notice of Removal ¶ 7.)  The Notice of Removal also alleges that defendant "Bombardier Inc. is now, and at all times relevant to the subject matter of this action was, a Corporation organized in Canada, with its principal place of business in Quebec.  Bombardier Inc. is a sham Defendant and is fraudulently joined in this case because Bombardier Inc. was not related to Learjet Inc. at the time the subject aircraft was manufactured by Learjet Inc. in 1969.  Accordingly, Bombardier Inc.'s citizenship and residency should not be considered for purposes of diversity jurisdiction."  (Notice of Removal ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9403 PA (JCx) | Date | December 9, 2014 |
|---|---|---|---|
| Title | Mariano Torres Herrerra, et al. v. Bombardier Aerospace Corp., et al. | | |

     Although the Notice of Removal acknowledges that Plaintiffs are not diverse from Bombardier Inc., the Bombardier Defendants seek to have Bombardier Inc.'s citizenship disregarded as a result of his having been fraudulently joined in this action.  If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

     "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the non-diverse defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)).  A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

     Here, the Bombardier Defendants allege that Plaintiffs' claims against Bombardier Inc. are a sham because Learjet Inc. was not related to Bombardier Inc. at the time the subject aircraft was manufactured.  But even if that fact, which is neither alleged in the Complaint nor supported in the Notice of Removal by admissible evidence, is true, on this record, the Court cannot conclude that Plaintiffs do not, or cannot allege a viable claim against Bombardier Inc.  There is, for instance, the possibility that Bombardier Inc. assumed Learjet Inc.'s liabilities, or that Bombardier Inc. has some other connection to the subject aircraft that makes it liable in some other way.  The Notice of Removal does not meet its burden to establish that there is no possibility that Bombardier Inc. faces potential liability.  Nor have the Bombardier Defendants satisfied their burden to establish that Plaintiffs would not be granted leave to amend to cure any purported deficiency.

     Finally, although the Court does not, at this time, remand based on any procedural defects, the Court notes that the Bombardier Defendants' removal is procedurally defective.  Specifically, even if Bombardier Inc. were fraudulently joined, and the Notice of Removal properly alleged the citizenship of Starwood Management, LLC, and that citizenship was diverse from Plaintiffs, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  According to the Notice of Removal, defendant Christian Nunez is "a resident of Los Angeles, California . . . or Nevada."  (Notice of Removal ¶ 13.)  The Notice of Removal also alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9403 PA (JCx) | Date | December 9, 2014 |
|---|---|---|---|
| Title | Mariano Torres Herrerra, et al. v. Bombardier Aerospace Corp., et al. | | |

defendants Jenni Rivera Enterprises, Inc. and Triumph Instruments are citizens of California.  (Notice of Removal ¶¶ 17 & 23.).  The fact that these defendants are California citizens renders the Notice of Removal procedurally defective under the "local defendant" limitation on removals.  See 28 U.S.C. § 1441(b)(2).

      Because the Bombardier Defendants have failed to meet their heavy burden of showing that Bombardier Inc. was fraudulently joined, and the Bombardier Defendants have failed to properly allege the citizenship of defendant Starwood Management, LLC, the Bombardier Defendants have not met their burden to establish this Court's diversity jurisdiction.  The.  Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC565617, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.